A. JOSEPH RAETANO,

    **Plaintiff,**

v.                   **CASE NO: 8:09-cv-1024-T-33TBM**

MAGPIE ISLAND, INC.,

    **Defendant.**

_____/

## ADA SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case, which is based on the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (the "ADA"). Therefore, consistent with the just, speedy and inexpensive determination of this case (Fed. R. Civ. P. 1) it is,

**ORDERED**, **ADJUDGED, and DECREED:** that the provisions of Rule 26(a)(1) and Local Rule 3.05 concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

1. Within **fifteen (15) days** from the date of this Order, Plaintiff shall answer, under oath, the Court's Interrogatories, attached hereto as Exhibit A, serve a copy on Defendant, and **file the Answers with the Court titled as "Answer to Court Interrogatories."**

2.    Within **forty-five (45) days** from the date of service of process, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2).  Said report shall specifically address the deficiencies alleged in the Complaint and the proposed remediation required.

3.    Defendant shall have thirty (30) days thereafter to serve a written response, including any Rule 26(a)(2) expert report upon which the Defendant intends to rely.

4.    **Within thirty (30) days following the submission of Defendant's written response, the parties shall mediate this dispute, before a mediator of their choice.**  If they cannot agree upon a mediator, the parties shall so advise the Court and the Court will appoint one.

5.    Until further Order of this Court, all discovery (except as provided herein) is **STAYED**.

6.    **<u>If the parties reach an agreement or settlement, they shall promptly notify the Court.</u>**  If the parties wish the Court to enter a consent judgment, be advised that the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

7.    The settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue.  In both entitlement to and amount of attorney fees, the parties are advised that the

Court will consider whether pre-suit efforts were made to resolve the issues without filing suit.

8.    If settlement is not achieved within the time frame set forth herein, the Court will issue a supplemental case management order and set the case for trial at the earliest practicable time.

9.    Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

10.   Unless sooner settled, a Status Conference will be held before the Honorable Virginia M. Hernandez Covington, United States District Judge, on **October 8, 2009, at 9:00 A.M.** in Courtroom #14B, Sam Gibbons U. S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.  Time reserved: Fifteen (15) minutes.

11.   The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge (**consent form attached**).

12.   Plaintiff shall serve a copy of this Order on Defendant along with the Complaint or, if the Complaint has already been served, then as soon as practicable thereafter.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of July, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:
Counsel/Parties of Record


Attachments:
Court's Interrogatories to Plaintiff(s)
Magistrate Judge Consent Form

**<u>EXHIBIT A</u>**
**<u>COURT'S INTERROGATORIES TO PLAINTIFF</u>**

1.  Residence address.

2.  Name of current employer and place of employment.

3.  Date(s) and time(s) that you visited the facility.

4.  Purpose of your visit(s) and duration of your stay(s).

5.  Did anyone else accompany you?  If so, who?

6.  Describe the nature of your disability.

7.  Specifically list each of the architectural barriers which you personally observed or experienced at this facility.

8.     Did you take notes or make a contemporaneous record of these barriers?  If so, please attach a copy to these Answers.


9.     What notice of deficiencies or other efforts to resolve your complaints were made before filing suit?


10.    Please list any other Title III cases in which you have been a party in this District.


_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____


        BEFORE  ME,  the  undersigned  authority,  on  this  day, personally  appeared  _____,  who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

        SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 200___.


                    NOTARY PUBLIC
                    _____
                    Signature    of    Person    Taking
                    Acknowledgment
Notary Stamp        Print Name:
                    Title: Notary Public
                    Serial No. (if any):
                    Commission Expires


6